The next case is Gary Wiedle v. Robert Barton, and it's Mr. Novick, answer when you're ready. Would you please proceed? Mr. Wiedle v. Robert Barton May I please report? My name is Reed Fielder, plaintiff Gary Wiedle, and this is the second appeal of this case. This action involves an oil promise to convey minerals when the defendants acquired ownership. The primary issue involved here is whether or not certain statements made by the defendant's counsel within two separate 2619 motions to dismiss, during oral arguments, constitute judicial admission by any one of his clients. Within those motions, the two statements to which I'm referring are, as of that date, meaning June 28, 1996, defendants breached their agreement in representation to plaintiff, as pled by plaintiff, to convey the minerals to plaintiff when they acquired ownership. The second statement is, this agreement was breached commencing June 28, 1996, when defendants, having admittedly obtained title to the minerals on May 8, 1996, failed to convey it to the plaintiff. It is my conviction, based upon my research of case law, that those statements constitute judicial admissions. There is case law cited within my brief, such as Bauer v. Sager. Of course, it's well established that the statements of counsel, both written and oral, may constitute judicial admissions which are binding against his clients. Doesn't it have to be very clear that that's what is being done, though? I mean, can't these two statements and these pleadings be read as opposing counsel saying, this is what the plaintiff is alleging? You know, and under those circumstances, this or that? Well… Because he says, as pled by plaintiff. Yeah. As pled by plaintiff does not require any construction. It's very simple. As pled by plaintiff. Doesn't that mean that's what the plaintiff pleads? That's right. As pled by plaintiff. I mean, it doesn't. Nowhere in these motions or during oral argument was any mention made if, in fact, an oral agreement existed, then it was breached on such and such a day. These are, as this court stated in Parkey v. Tompkins, these admissions made by a party in the pleas which are deliberate, unequivocal, and relate to concrete facts are judicial admissions which are conclusive against a party maker. Now, these are not premised by any statement by the defendant's counsel that, for the purpose of the motion, all well-pleaded facts of the plaintiff's motion must be taken as true. It's certainly a well-established law that the court, in deciding a 2-619 motion to dismiss, must take as true all well-pleaded facts. I have found no case law, and I don't think the case law cited by the defendant cites his argument that the defendant's attorney must take as true all well-pleaded facts. There is nothing in these pleadings which amount to any type of – which limits it for the purpose of the motion only. Now, not until December 17th, during an oral argument before Judge South, did the defendant's counsel then attempt to qualify those statements. If counsel's arguing to the court which is bound to take all well-pleaded facts as true, as a practical matter, doesn't that attorney have to argue on that basis also, since that's the basis upon which the trial court has to decide? I've certainly found no case law. No, I realize that, but I'm saying as a practical matter, if this is the standard that the court is bound to exercise, then why would counsel be arguing anything other than under that standard? Well, if the standard applies to the court – I know that. Not to the attorney. Right. If the attorney is making the argument based upon that standard, then I think it is necessary to include within that argument somewhere that assuming for the sake of this motion that all well-pleaded facts are taken as true by this court, then the breach occurred on such and such a day. These statements are clear, unequivocal, that a breach occurred, that there was an oral agreement, that the agreement was breached, and they even assigned a date for the breach. This is not – these statements were not qualified under the standard whatsoever. Your position is even though they were all within the context of a 2619 motion, that in itself does not qualify? That is my position. Okay. I found no case law that states an attorney must take as true all well-plaid facts in filing a 2619 – if I were to argue a 2619 motion to dismiss. And I don't believe the case law cited by the defense counsel supports that argument. My argument is that the court certainly must take as true all well-plaid facts. Now, the – I've cited several cases which – in my brief, but it was not until December 17, 2007, that defense counsel made any attempt to qualify those statements under the standard by which the court must rule on the motion. And based upon the case law, which I've located, in Murphy v. Rockford, for example, the court ruled that a statement made by a defendant's attorney made in his capacity as their attorney at a judicial hearing may be used at admission, in fact, by them. The case of Bower v. Satan, a former policeman whose attorney, during his argument on a city's motion to dismiss, made a misneddance claim after he had been injured, tendered his written resignation to chief of police, even though claiming the same was never accepted, was not entitled to trial on the matter of his resignation. My argument is that these statements were conclusive against the defendant. It removed these issues from the trial court, and that plaintiff should have prevailed on his motion for summary judgment based upon these judicial admissions. Now, in addition, there were sanctions imposed against both myself and the plaintiff for continuing to argue that the judicial admissions, which I felt were judicial admissions, amply supported by the case, Judge McKinney felt that continuing to argue that constituted a violation of Supreme Court Rule 137. I think that the record will reflect that I have consistently stated that these were judicial admissions. They were never qualified until after they were made. Once they were made, they were binding. They were binding upon the defendant. They were no longer issues in the case. And, again, I found no law that says that an attorney should accept this true, all will be the fact, even given the standard that the court has to go by. Now, if you can extrapolate that from that, then the defendants win. If these amounts of judicial admissions, as a matter of law, they're certainly clear. They're unequivocal. They pertain to the ultimate issues in the case, that the agreement was reached and that it was breached. If they amount to judicial admissions, plaintiffs are entitled to simple judgment. Plaintiffs should be reimbursed with what he has paid in sanctions. I should be reimbursed with what I have paid in sanctions. And the trial court should be directed to enter judgment against the defendants and in favor of the plaintiff, assuming these amount to judicial admissions. That is the entire crux of this argument. If, in fact, Mr. Lisi was assuming that there was law out there which stated that he must assume that all will be in fact must be taken into consideration in filing a section 269 motion, why would he have filed or made any later disclaimers or filed any later disclaimers? I mean, if that was the law, why would he bother filing those disclaimers and making them a part of the record? I know what the court standard is. I just do not believe that an attorney can make a statement which amounts to the mission of the ultimate issues. Doesn't the attorney have to argue what the court standard is? I mean, if the standard for the court in ruling on a 2-619 motion is that you take all well pleaded facts as true, isn't that the way, isn't that the framework in which the attorney has to argue it? I mean, I'm really kind of having trouble. I certainly am. I mean, he's not going to say this is what you have to do, Judge, but I'm not going to argue that because I'm the attorney, not the judge. Is that what you're saying? No, it's – I just don't believe you can make concrete admissions which apply to the ultimate issue unless there is some statement that those statements are being made under the statute by which the court has to decide that. And I have not found any case law stating otherwise. There's a bunch of case law about what the court standard is, but I have found no case law where an attorney may simply say whatever he wants to. And in fact, the case law that I've cited is contrary to that proposition. Now, as to the imposition of sanctions, I have consistently argued that these were judicial admissions based upon the case law that I researched, based upon the case law which I cited in my brief. I do not feel that those sanctions should have been imposed under those circumstances because I was relying specifically on established case law. And under Rule 137, if you're making an argument which is consistent with existing case law or an extension thereof, it's not a violation of Supreme Court Rule 137. And my arguments subsequent to matters which occurred after I believe the admissions were made I think are within – I think everything which occurred after the admissions were made are not germane because I think if these are in fact judicial admissions, plaintiff wins. Everybody goes home. And also, there were sanctions imposed against me personally by finding that certain plaintiff's affidavits were not filed in good faith in support of the motion for summary judgment. There were – one of those – two of those affidavits were filed by Floyd and Vicki Fox, V-O-X-X, who indicated that the defendants at the time of their purchase of the real estate from the same defendants gave them the exact same song and dance that was given to the plaintiff. Basically, that they didn't own the minerals, they didn't know who had them, didn't know where they were located. Now, if the defendants didn't know that, as they told the plaintiff, how did they magically obtain a mineral deed on May the 8th, just two days prior to entering into the binding purchase contract? They knew at the time that that oral promise was made that they could get those minerals at any time. In fact, they had it before the contract was even entered into. And that is admitted by the defendants. The – it's – now, I'm getting a little bit off the subject, but my argument is still that those statements constitute judicial admissions. The plaintiffs are binding upon the defendants and that the plaintiffs should be entitled to judgment as a matter of law. I don't believe there is case law which would support the defendants' counsel's assertions that they have to assume that the oral contract, as pled by a plaintiff, in fact exists. I don't think there's any case law which states that he must assume. The court must take as true all well-pleaded facts, but I don't think an attorney in an adversarial legal system should take as true anything stated by the other side. I think you're doing – you're planning a disservice to make those statements without some sort of qualification. If you're going to refer to the court's standard five, but there was nothing here until December 17th to attempt to qualify – December 17th, 2007, well after the motions were filed and originally argued. That he was making these statements to conform with the standard that is imposed upon the court in deciding the 2619 motion. Because of that and because of his extra efforts in another motion to file a second disclaimer, I don't think that he is somehow relieved of these judicial admissions previously made, which should have been binding at that point. Should have removed the issues from the trial court's consideration. And the remaining arguments contained in my brief, I will simply wait and do a little bit of rebuttal. Thank you. Thank you.  Please report, counsel. My name is Eric Terlizzi. I represent the defendants in this matter. This is a case that should never have been filed in the first place. It's time to put an end to it, an emphatic end to it, and drive a stake through its heart. This is the second appeal. This case has been on file now for over five years. With respect to the judicial admission argument, as cited in our brief, first of all, it's clearly been waived. The Kazabowski case, which we cite on page 6 of our brief, says, A second appeal brings up nothing except proceedings subsequent to the remandment for the reason that the party will not be permitted to have its cause heard part at one time and the residue at another. The two alleged judicial admissions occurred before the first appeal in this case. They weren't argued at that time. They're waived. End of argument. But if you get to the merits, there are no merits to this argument at all. What clearly is cited here is statements as to what the plaintiff pled. Now, how do you file a motion to dismiss without referring to what the plaintiff pled? How do you argue a motion to dismiss without referring to what the plaintiff pled? These motions to dismiss pertains to statute of limitations issues. In a breach of contract case, you can't argue a statute of limitations issue without, one, assuming that there was a contract, and, two, affixing a date for the breach because the breach, the statute of limitations begin when the breach occurs. And that's the only thing that was said in these, quote, admissions. And this is probably the sixth or seventh or eighth time I've heard this argument. First time at the appellate court, but five or six times to at least three different trial judges who all emphatically rejected it. This states that the defendant breached the agreement as pled by plaintiff. That's the same as if I stood here today and said plaintiff pled that this agreement took place on such and such date and was breached on such and such date. And Mr. Novick jumps up and says, ah, that's an admission. We win. Let's go home. I don't, even having heard it six or seven or eight times, still don't even understand what the merits of that argument are. It suggests that the court is bound to accept certain things as true. But then somehow when counsel argues, if the counsel bases his argument on that acceptance, that that's, I think, if we search the court files, probably 95 or 99 percent of motions to dismiss, whether they be 615 or 619, are all going to refer to allegations that the plaintiff's complaint makes. They have to by their very nature. Frankly, I don't even understand the argument enough to make a reasoned response to it other than to say it doesn't make any sense. And they're clearly not judicial admissions, not even close, to suggest that the court has one standard, the attorney has another, to make an argument that the court's speaking English and the attorney's speaking French. I mean, this turns on its head, you know, the law that I've practiced for 36 years now, wouldn't know where to begin to even file a motion to dismiss anyone, wouldn't be afraid to do so. At any time you refer to an allegation the plaintiff made, that's a judicial admission that the fact that was flagged was true. Of course it wasn't. Of course it isn't. With respect to the summary judgment that was granted here, I gather now that counsel isn't really even arguing, but for this judicial admission argument, that summary judgment wasn't appropriate, because it clearly was. To quote Judge McHaney's ending of his docket entry order granting summary judgment, the right of the defendants to judgment as a matter of law is totally, completely, and overwhelmingly free from any doubt. And there's really no question on this record that that is true. This was a two-party agreement from day one. From the day this complaint was filed in 2007, the allegation is that plaintiff's agent, a man named Ken Bauer, reached an oral agreement with one of the defendants, Christine Hartman, about these merits. This was, in effect, a he-said-she-said case from day one. The problem is, from a plaintiff's point of view, both he and she said no. It never happened. It didn't take place. Christine Barton denied it from day one in her verified answer in an affidavit she filed. Ken Bauer, the agent, his deposition was taken, Mr. Novak collected not to attend, and he denied under any such oral agreement ever took place. So you've got both parties through an alleged oral agreement saying, nope, didn't happen. How the court could not enter summary judgment, what would a trial be about, why would you call witnesses, I mean, talk about completely, utterly, and overwhelmingly free from doubt, as the trial court characterizes, this is the poster boy for that case. If summary judgment is ever to be entered, I don't know how you could have a more clear-cut example. And I would say the same thing with respect to sanctions in this case. Sanctions, I don't believe sanctions were entered for making this judicial admission argument, although I still don't even comprehend it. I think it's a frivolous argument. Sanctions were entered because for nearly five years in the trial court, this case was pushed, again, over an allegation of an oral contract between two people that both people denied occurred. Not only did Mr. Barton deny under oath that it occurred, but he also stated in that deposition and the excerpts that were attached to the motion for summary judgment, that he never told plaintiffs or plaintiff's counsel to the contrary. That's the undisputed record in this case. Now, again, if Rule 137 doesn't mean anything at all, I don't know how you could get a more clear, more explicit case which warrants that. And that is, when you're preparing to file a case with two parties involved, you know one party's going to deny it, they're the other side, they're the ones you're suing. Doesn't 137 at least suggest you pick up the telephone and you call the other side guy and say, hey, we think this oral agreement took place, you're one of the only two parties to it, what do you say about it? And he says, I don't remember that, or no, you hang up the phone and you call your client and you say, too bad, I can't file this case. To continue to pursue this case through the years and the two appeals in this case is, I think, so violative of Rule 137 that sanctions are more than appropriate here. In fact, I think the trial court gave the plaintiff and plaintiff's counsel the benefit of the doubt by limiting those sanctions to the attorney's fees that were spent by the defendants from and after the time of filing a motion for summary judgment that attached Mr. Bauer's deposition to it. That doesn't negate the fact that Rule 137 puts an affirmative obligation on counsel to do some basic investigation of the facts before you all off and file a complaint. This is a complaint that accused my clients of fraud, and that's not a nice thing to be served with as someone's accusing you of being a liar, of being accused of fraud, when both parties to this conversation said it never took place. There was no nuance, no ambiguity, no subtlety in this case whatsoever, no judging of, well, is this person credible, am I going to be able to win this case or not? Both parties said it didn't happen, and the record is clear on that as we stand here today is when this complaint was filed. So I think summary judgment should be affirmed in favor of the plaintiffs, and I think the sanctions award should be affirmed. Frankly, I think, as we have cited in our brief, that this court has authority to suspend the award of sanctions for continuing what has been from day one a frivolous and unsubstantiated case. Thank you. Any rebuttal? Yes. If it pleases the court, there are affidavits in the file, filed by me, that I did personally speak with the plaintiff's agent. Of course, this was approximately 12 years after the contract was reached, and he retired, an elderly gentleman now, and did recall certain things, did recall that the Bartons had stated that they didn't own the mineral, they didn't know who owned them, didn't know whether they could locate them or not. In his affidavit, which was stricken, attached by motion of summary judgment, he also stated that he did not know that the defendants had acquired the mineral interest prior to the closing, I mean, excuse me, prior to entering into the binding purchase contract. He knew there was some agreement as to the minerals because he had written onto the contract, first right to purchase mineral rights. He knew there was some agreement, but he couldn't remember exactly the details. I found out later from Floyd and Vicki Box that they were told exactly the same story by the defendants, that they didn't own the mineral rights, they didn't know who had them, and it cost hundreds of dollars to get them. Well, if that's true, plaintiff alleged all throughout his complaint that he would not have gone through with that sale without the minerals, without a promise for the minerals to be conveyed. Why would the defendants have obtained a mineral deed when they would have to obtain one just two days prior to the entry into this contract if they did not know that they were supposed to do that? Now, the contract doesn't say anything about the mineral rights with the exception of a statement, first right to purchase mineral rights. My client happened to be a mail carrier who would do business on a handshake. Believe what his agent told him. Christine Barton, on the other hand, was a licensed real estate broker whose license was taken away from her by the state for wrongdoing. Now, if there's any capability of fraud here, it's certainly on the part of Christine Barton because she would have had the knowledge that if a contract didn't contain it, that the minerals were to be passed when they were acquired, that my client may not be able to enforce it. But in all honesty, in talking with Kenneth Bauer, he knew there was some agreement made with respect to the minerals. When I saw that Mr. Weedle refused to go through with the sale without the mineral interest, but he simply could not recall, due to the passage of time, what that agreement was. He did recall stopping the plaintiff on his mail route and telling him that he couldn't locate the minerals. But all of this evidence, again, was obtained after, I believe, the judicial admissions were made. If, in fact, the earlier admissions amount to judicial admissions, then whatever happened subsequent thereto is meaningless because the issue of whether there was an oral agreement to convey the mineral estate, whether it was breached, was already taken away from the consideration of the court by these admissions if they amount to judicial admissions. This argument about the binding judicial admission being emphatically rejected by the court is also not true. In fact, in Judge Sauer, the original trial judge, the transcript of the December 17th hearing, he made a statement to the effect that the defendants, quote, could cook their case, unquote, unquote again, because Bob may have damaged himself by stables, unquote. Later, the Honorable George Lackey heard the case, whose order was later vacated due to a disqualification under Rule 63 because he spoke directly to my client and Mr. Boggs about this precise problem that my client filed. Thank you. Thank you. Thank you. Appreciate your arguments.